UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION
CIVIL ACTION
NO. 05-30051-KPN

ANTONIO CALVANESE,
                PLAINTIFF

v.

MARK D. AUGUSTA, Individually and in his Official Capacity as a Massachusetts State Trooper,

KEITH E. PANTAZELOS, Individually and in his Official Capacity as a Massachusetts State Trooper,

John Doe 1, Individually and in his Official Capacity as a Massachusetts State Trooper,

John Doe 2, Individually and in his Official Capacity as a Massachusetts State Trooper,

Massachusetts State Police, Commonwealth of Massachusetts.
                DEFENDANTS

COMPLAINT AND DEMAND FOR A JURY TRIAL

**JURISDICTION**

1) This is an action under the Federal Civil Rights Act, 42 U.S.C. Sections 1983 and 1988. The Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343. The plaintiff further invokes the pendent jurisdiction of this Court to consider the claims arising under state law sounding in tort, the Massachusetts Tort Claims Act, M.G.L. Chapter 258 § 4, the Declaration of Rights of the Massachusetts Constitution, and Massachusetts Civil Rights Act, M.G.L. Chapter 12, Sections 11 H and 11 I.

2) There exists between the parties an actual controversy justiciable in nature.

PARTIES

3) The plaintiff, Antonio Calvanese, has at all times relevant to the allegations of this Compliant been a resident of the City of Springfield, Hampden County, in the Commonwealth of Massachusetts.

4) Defendant Mark Augusta, is employed as a Massachusetts State Police Officer who, at the time of the incident which is the subject of this complaint, was believed to be assigned to the Massachusetts State Police Barracks in Concord, County of South Middlesex, Massachusetts (hereinafter "Trooper Augusta").

5) Defendant John Doe 1, is employed as a Massachusetts State Police Officer who, at the time of the incident which is the subject of this complaint, was believed to be assigned to the Massachusetts State Police Barracks Troop A-3, County of South Middlesex, Massachusetts (hereinafter "Trooper Doe 1"). John Doe 1 is described as being a white male with red hair.

6) Defendant John Doe 2, is employed as a Massachusetts State Police Officer who, at the time of the incident which is the subject of this complaint, was believed to be assigned to the Massachusetts State Police Barracks Troop A-3, County of South Middlesex, Massachusetts (hereinafter "Trooper Doe 2"). John Doe 2 is described as being a dark skinned Hispanic or black male.

7) Defendant Keith Pantazelos, is employed as a Massachusetts State Police Officer who, at the time of the incident which is the subject of this complaint, was believed to be assigned to the Massachusetts State Police Barracks Troop A-3, County of South Middlesex, Massachusetts (hereinafter "Trooper Pantazelos").

8) Defendant Massachusetts Department of State Police, is an agency that is directed by the Executive Office of Public Safety, and has a headquarters in Fitchberg, County, Massachusetts (hereinafter "Department of State Police").

**STATEMENT OF FACTS**

9) At approximately 5:55 P.M. on June 25th 2002, plaintiff, Antonio Calvanese, was traveling on Route 16 in New Hampshire, southbound towards Massachusetts, when defendant Trooper Augusta started to tail gate him and continued on a campaign of road rage and harassment of the plaintiff for almost an hour as the defendant drove his truck behind the plaintiff into Massachusetts where the Plaintiff was stopped by other troopers in marked cruisers.

10) Defendant Trooper Pantazelos stopped Plaintiff on Rt 495 with the assistance of Trooper Doe 1, and Trooper Doe 2, who were traveling in their own cruiser.

11) Trooper Pantazelos approached the plaintiff and demanded that plaintiff give him his license and registration. In response to plaintiff's request of the reason for the stop Trooper

Pantazelos demanded, "give me your license and registration or you will be arrested".

12) Plaintiff produced his documents and was then ordered out of his vehicle by Trooper Pantezelos, at that time Trooper Augusta came to a sliding stop in his truck- just to the side of the marked cruisers. Trooper Augusta, dressed in street cloths, rushed to the plaintiff with his hands balled in fists and pointing his fingers in plaintiff's face shouting, "if I had my gun I would have fucking shot you. I'm a state trooper." Then the three troopers continued to harass plaintiff by interrogating him and illegally searching his vehicle while Trooper Pantezelos wrote plaintiff a citation for:

    a:    speeding, 75 in a 65;
    b:    attaching improper plate; and
    c:    seat belt violation.

13) Defendant Trooper Augusta with the support of Trooper Doe 1 & Trooper Doe 2 continued to question the plaintiff as to where he was coming from in New Hampshire and if he was carrying guns or drugs. Upon hearing plaintiff's response, "I was visiting my friends the nuns" Trooper Augusta repeatedly shouted at the plaintiff, "you're a Catholic child molester, you're one of those fucking child molesters." All the time that Trooper Augusta shouted profanity and humiliating religious comments plaintiff cooperated and feared that he was in jeopardy of physical harm.

14) Plaintiff pleaded with Trooper Pantezelos to have the other troopers stop their behavior and to have them stop from destroying his car and his personal belongings inside the car.

15) Trooper Pantezelos finished writing the citation and walked the plaintiff to his car, and then he instructed the plaintiff to leave. The plaintiff discovered that the two other troopers had destroyed his prescription glasses and bent his car doors, as well as emptied the contents of his glove box, ashtray, and other possessions into the floor of his car while he was being handled by Trooper Pantezelos.

16) Plaintiff left the incident feeling humiliated, fearful, and abused. He went directly to the Springfield barracks to complain. At which time he discovered the internal procedures of filing a complaint and followed up on that procedure.

17) The plaintiff, whom was already diagnosed with some mental conditions, has been to see his therapist regarding this encounter and his conditions were aggravated by this incident. His vehicle and glasses were both repaired at a financial loss to the Plaintiff.

18) Trooper Augusta was disciplined as a result of the plaintiff's complaint, through the State Police Tribunal, but it is not believed that the three other troopers involved in this incident received any disciplinary actions regarding their involvement.

CAUSES OF ACTION

COUNT I
VIOLATION OF 42 U.S.C. § 1983 V. ALL INDIVIDUAL DEFENDANTS

19) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 18 of this Complaint, as though fully set forth herein.

20) By engaging in the conduct described above, the individual defendants' deprived plaintiff of clearly established and well settled constitutional rights while acting under the color of law. Specifically, the defendants deprived the plaintiff of rights secured and guaranteed to him by the United States Constitution including, but not limited to, his Fourth Amendment right to be free from unlawful search and seizure of his person and his Fifth and Fourteenth Amendment rights to due process of law.

21) Further, the wrongful acts were undertaken with reckless indifference of Plaintiff's constitutional rights, and include without limitation the following:

   a) the defendants' conspired to make an illegal motor vehicle stop of the plaintiff following the instructions of Trooper Augusta, then in fact stopped the Plaintiff;

   b) the defendants' conspired in the illegal interrogation of the plaintiff by assisting one another in the intentional hazing, questioning, intimidating, and harassment of the plaintiff-while Trooper Pantezelos instituted a civil violation against the plaintiff;

   c) the defendants searched the Plaintiff's automobile without consent, without probable cause, and without a warrant, as well as unlawfully detaining the Plaintiff outside of his automobile in what became an unlawful arrest for a period of time before he was released;

   d) each of the defendants failed to prevent the other defendant to stop their illegal activity as required by law and by state police policy;

   e) finally, the defendants caused property damage to the plaintiffs automobile, prescription glasses, and other objects.

22) Each of the defendants engaged in a conspiracy to deprive the plaintiff of his rights, privileges and immunities as guaranteed and protected by the Constitution of the United States in violation of the provisions of 42 U.S.C. § 1983.

23) The conspiracy included but was not limited to the illegal stop, search, detention, harassment and failure to stop an ongoing violation of the plaintiffs civil rights.

24) As a result of the defendant's violations of the Plaintiff's civil rights, he suffered a loss of freedom, property damage, and extreme emotional distress and was otherwise damaged.

COUNT II

VIOLATION OF 42 U.S.C. § 1983 AGAINST COMMONWEALTH OF MASSACHUSETTS

25) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26) The Commonwealth, as an entity, through law enforcement officers at the highest level, encouraged aided and abetted the violations of law described above.

27) Violations of law described above constituted a "policy" of the Commonwealth of Massachusetts. In particular, but not limited to, the acts of allowing "off-duty" troopers to engage "on duty" troopers into acting upon their request while in their off-duty status.

28) Therefore, the Commonwealth as an entity, should be liable to the plaintiff per 42 U.S.C. § 1983. This count is pleaded per Fed. R. Civ. P. 11 solely to preserve appellate arguments that the Commonwealth should be liable.

COUNT III
VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT ALL DEFENDANTS

29) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30) By engaging in the conduct described above, including threats, intimidation and coercion, the defendants interfered with an deprived the plaintiff of his exercise and enjoyment of his civil rights secured under the laws of the Commonwealth of Massachusetts, in violation of M.G.L. c. 12 § 11 I.

31) As a direct and proximate result of the defendants' violations of M.G.L. c. 12 § 11 I, plaintiff suffered the injuries described above.

COUNT IV
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINS ALL DEFENDANTS

32) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

33) The intentional and grossly reckless actions described above attributable to each defendant, jointly and severally were outrageous and beyond the scope of common decency.

34) The intentional and or grossly reckless actions described above attributable to each defendant, caused the plaintiff to suffer great emotional distress.

COUNT V
NEGLIGENCE MASSACHUSSETTS TORT CLAIM

35) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

36) The defendant, Department of State Police, is liable to the plaintiff for damages pursuant to M.G.L. c. 258 § 4.

Wherefore, Plaintiff prays that judgment be entered on his behalf, and:

1) Award appropriate compensatory damages to plaintiff Antonio Calvanese from the defendants jointly and severally in an amount to be determined by the Court;

2) Award punitive damages to the plaintiff Antonio Calvanese from Trooper's Augusta, Trooper Pantezelo, Trooper Doe 1, and Trooper Doe 2, in an amount to be determined by the court;

3) Award the plaintiff costs, interest and attorney's fees;

4) Award such other relief as this Court deems just, equitable and appropriate.

**THE PLAINIFF HEREBY DEMANDS A JURY TRIAL**

Dated: February 21, 2005

Respectfully submitted,
The Plaintiff
By his Attorney,

Joseph K. Chancellor
BBO: 649597
116 Pleasant Street, Suite 17
Easthampton, MA 01027
Phone: (413) 527-7111
Fax:    (413) 527-5444

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purposes of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Antonio Calvanese

### DEFENDANTS
Mark D. Augusta, individually and in his official capacity as a Massachusetts State Trooper, Massachusetts State Police, and

(b) County of Residence of First Listed Plaintiff    Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Uknown
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joseph K. Chancellor, 116 Pleasant Street, Suite 17
Easthampton, MA 01027    (413) 527-7111

Attorneys (If Known)
Susan Prosnitz, General Counsel, Executive Office of Public Safety, One Ashburton Place, 21st Floor, Boston, MA 02108 (617) 727-2200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC sec 1983 & 1988

Brief description of cause:
unlawful search & seizure, unlawful arrest, intentional infliction of emotional distress ...

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE    DOCKET NUMBER

DATE: 02/21/2005    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)

   Antonio Calvanese v. Mark D. Augusta, individually and in his official capacity as a Massachusetts State Trooper

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _x_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☑

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☑

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ Joseph K. Chancellor
ADDRESS _____ 116 Pleasant Street, Suite 17, Easthampton, MA 01027
TELEPHONE NO. _____ (413) 527-7111

(Coversheetlocal[1].wpd - 10/17/02)